# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN, | CASE NO. 1:09-cv-00729-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MEYER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Kelvin Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed on April 24, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

1  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
2  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
3  (2007)).

4        Under section 1983, Plaintiff must demonstrate that each defendant personally participated
5  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
6  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
7  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
8  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
9  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
10 Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
11 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
12 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
13 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

14 **II.    Complaint Allegations**

15       Plaintiff is currently incarcerated at California State Prison, Sacramento. On July 9, 2008,
16 while housed at Corcoran State Prison, Plaintiff was placed in a cell that had human feces and flies
17 on the wall under the toilet and by the "T.V. slot wall." (Doc. 1, Comp., p. 6.) The smell was so bad
18 that Plaintiff vomited three times. On July 10, 2008, Plaintiff informed Defendant Botello, Trisha,
19 Zamora, Meyer, and Adair about the situation. He was told that someone would be informed about
20 the situation, but nothing was done to clean up the feces on July 10, 2008. (Id. at 6-7.) On the
21 morning of July 11, 2008, when Defendant Zuniga was passing out breakfast, Plaintiff informed him
22 of the situation. (Id. at 7.) Plaintiff alleges that Defendant Calhoun was in charge the evening of
23 July 9, 2008 and did not check the cell or have other officers check the cell to make sure it was clean
24 prior to having him placed there. During the two days that Plaintiff was left in the feces
25 contaminated cell, he was unable to eat or sleep due to the smell. (Id. at 8.)

26       Plaintiff brings suit against Defendants Meyer, Zamora, Trisha, Zuniga, Botello, Adair, and
27 Calhoun. He is seeking $10, 000 from each defendant, for Defendants to be fired, and punitive
28 damages of $10,000. (Id., V.) For the reasons stated below, Plaintiff's allegations fail to state a

cognizable claim against any named defendant. Plaintiff will be allowed an opportunity to amend the complaint to cure the deficiencies discussed in this order.

### III.  Discussion

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff did not inform any named Defendant prior to July 10, 2008, of the unsanitary conditions in his cell. Defendant Zuniga was not informed until the morning of July 11, 2008, the day the situation appears to have been remedied. There is noting in the facts as stated to indicate that Defendant Calhoun was even aware of the situation. Thomas, 611 F.3d at 1150.

Plaintiff states that human feces were in two areas of his cell, by the toilet and the "T.V. slot wall," and he was exposed to the smell for two days, however the situation appears to have been remedied in slightly over one day from when Plaintiff notified Defendant Botello at breakfast on July 10, 2010. Nor is it clear from Plaintiff's complaint if he had supplies available to remedy the situation by cleaning the cell himself. While the Court has no doubt that the exposure was unpleasant, considering the amount of time that Plaintiff was subjected to the conditions, approximately two days, and the extent of the contamination, two areas in the cell, the allegations are not sufficiently serious to amount to a violation of the Eighth Amendment.

///

IV.     **Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 24, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

4

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 9, 2010

UNITED STATES MAGISTRATE JUDGE