IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN, | 1:09-cv-00729-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| MEYER, et al., | |
| Defendants. | (ECF No. 27) |

**ORDER**

Plaintiff Kelvin Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Appointment of Counsel filed May 16, 2011. (ECF No. 27.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

Plaintiff's claims in this case involve conditions of confinement in violation of the

Eighth Amendment.  Having reviewed the record, the Court does not find that there are exceptional circumstances.  The Court acknowledges, as Plaintiff contends in his instant Motion, that he is not well versed in the law, that he has a low reading level and is dyslexic.  However, the Court also acknowledges that this is not a complex case, nor an extraordinary case, and that Plaintiff has, up to this point, been adequately expressing his claims.  At present, all that is required of Plaintiff is an opposition to Defendant's Motion to Dismiss, in which Defendants have laid out the applicable legal standards.  Again, Plaintiff's claims in this case are not extraordinary; this Court is faced with similar cases almost daily.  Plaintiff's filings thus far have shown that he is a capable advocate.   Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

 For the foregoing reasons, Plaintiff's Request for Counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 23, 2011

UNITED STATES MAGISTRATE JUDGE