# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN, | CASE NO. 1:09-cv-00729-GBC (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| MEYER, et al., | (ECF No. 25) |
| Defendants. | CLERK SHALL CLOSE CASE |

**ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Kelvin Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction on June 22, 2009. (ECF No. 9.) Pending before the Court is a Motion to Dismiss filed by Defendants Botello, Meyer, Zamora, and Zuniga.[1] (ECF No. 25.) Plaintiff filed an Opposition to the Motion on June 10, 2011 and Defendant filed a

---

[1] It appears that Defendants Adair and Trisha have not been served. (ECF Nos. 22 & 23.)

reply ten days later.  (ECF Nos. 32 & 33.)

This action proceeds on Plaintiff's January 19, 2011 First Amended Complaint. (ECF No. 15.)  His claims stem from unsanitary conditions in a cell he was moved to temporarily. Plaintiff alleges that Defendants' were deliberately indifferent to the conditions of his cell.

## II.   ARGUMENTS

Defendants' argue that Plaintiff's Complaint should be dismissed for failure to exhaust his available administrative remedies.  Plaintiff filed a grievance regarding the July 10 and 11, 2008 incidents on July 10, 2008, appeal no. 5-08-3833.  (ECF No. 25-2, ex. 2, pp. 1-2.)  The informal and first levels of review were bypassed.  (Id.)  An inquiry was conducted at the second level of review.  (ECF No. 25-2, ex. 2, pp. 3.)  However, the appeal was cancelled at the second level due to Plaintiff's failure to cooperate with the process.  (Id.)  Plaintiff then attempted to appeal to the third level on October 7, 2008. (ECF No. 25-2, ex. 4.)  This attempt was screened out because Plaintiff's appeal had not complied with appeal procedures.  (Id.)  Defendants declare that if Plaintiff had believed that the screening policy or the application of the screening policy by the appeals coordinator was inappropriate, he could file a separate appeal. (ECF No. 25-2, ex. 3, pp.2-3.)  Plaintiff did not file a separate appeal regarding either the cancellation of his appeal at the second level or the screen-out at the third level.  (Id. at p. 3.)

Plaintiff blames Lieutenant J. Callow for the fact that his appeal was cancelled at the second level.  On August 21, 2008, Callow interviewed Plaintiff regarding appeal 5-08-3833. On August 24, 2008, Defendant Meyer approached Plaintiff's cell and told Plaintiff that Callow wanted Plaintiff to sign form CDCR 1858. Plaintiff told Meyer that he could not

read and that his jailhouse lawyer would have to read the form to him. Meyer said no. Plaintiff states that he is dyslexic, offering a statement by his attorney during a hearing in his criminal case and the Plaintiff's own request for counsel submitted to this Court in December 2010 as proof of his inability to read. Plaintiff implies that Callow's and Meyer's conduct precluded him from exhausting his available administrative remedies.

In reply, Defendants' state that Plaintiff was familiar with the appeal process, as he had filed twelve appeals between December 2002 and August 2008. (ECF No. 33-1.) Of these twelve, two were staff complaints, like the grievance at issue here, which required the completion of form CDCR 1858. (Id. at p. 1.) The two similar appeals had been accepted, meaning that Plaintiff was familiar with the process necessary to submit a proper appeal. (Id.)

### III.     LEGAL STANDARDS

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases."). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006). The PLRA's "exhaustion requirement is mandatory." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per

curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure."). Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion. See Jones, 549 U.S. at 218. Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted). Absent a prison grievance procedure mandating the naming of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process. Jones, 549 U.S. at 218.

Case 1:09-cv-00729-DAD-SKO   Document 35   Filed 07/01/11   Page 5 of 7

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." Brown, 422 F.3d at 936-37. In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20. When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. However, dismissal of the entire complaint is not required when a prisoner has exhausted some, but not all, of the claims included in the complaint. See Jones, 549 U.S. at 223-24.

California provides its inmates and parolees the right to appeal administratively the alleged misconduct of correctional officers and "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a), (e). In order to exhaust administrative remedies within this system, a prisoner normally must proceed through four levels: (1) initiation of informal resolution through submission of a CDC form describing the problem and the action requested; (2) first level formal written appeal to the prison's appeals coordinator; (3) second level formal appeal to the institution's warden or designee; and (4) third level formal appeal to the CDCR Director ("Director's Level"). Id. § 3084.5; see Woodford, 548 U.S.

5

at 90-91 (California prisoners are required to use the process established by Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2-3084.6 in order to satisfy 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (the exhaustion requirement is mandatory and applies to all prisoner suits relating to prison life that do not implicate the duration of the prisoner's sentence).

## IV. ANALYSIS

Here, Defendants have demonstrated that Plaintiff's appeal 5-08-3833 was cancelled at the second level for Plaintiff's failure to cooperate with the process. Plaintiff refused to sign form CDCR 1858, Rights and Responsibility Statement. Defendants have also demonstrated that Plaintiff was familiar with this process as he previously filed two similar types of appeals which were properly completed and accepted at the third level. Thus, Plaintiff was aware of what was expected of him to file an appeal properly.

Plaintiff's statement and supporting documentation that he had a low reading level and needed his jailhouse lawyer to read the form to him are not persuasive. It is stated in several of the exhibits that Plaintiff's reading grade point level was above a 4.0 so special accommodation was not necessary for effective communication. (ECF No. 25-2, pp. 8 & 11.)

Therefore, the Court finds that Plaintiff did not exhaust his administrative remedies before filing this action.

## V. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is GRANTED;

2. Plaintiff's action is DISMISSED WITHOUT PREJUDICE; and

3. Clerk shall CLOSE the case.

IT IS SO ORDERED.

Dated: July 1, 2011

UNITED STATES MAGISTRATE JUDGE