# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEYER, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00729 DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR 56(D) DISCOVERY<br><br>(Document 60) |

　　　　Plaintiff Kelvin Allen ("Plaintiff") is a California state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is represented by counsel for the limited purpose of resolving the issue of exhaustion of administrative remedies.

　　　　On July 1, 2011, the Magistrate Judge granted Defendants' motion to dismiss for failure to exhaust and entered judgment.

　　　　On June 20, 2014, the Ninth Circuit Court of Appeals remanded the action to this Court with instructions to vacate the judgment.

　　　　This Court vacated the judgment on July 24, 2014, and ordered Defendants to file a responsive pleading.  Defendants filed an answer on August 26, 2014, and on August 27, 2014, the Court issued a Discovery and Scheduling Order.  The deadline for motions based on exhaustion is November 25, 2014.

1

On September 26, 2014, Plaintiff filed a motion for discovery under Federal Rule of 56(d).[1] Defendants opposed the motion on October 13, 2014. Plaintiff did not file a reply and the motion is therefore deemed suitable for decision pursuant to Local Rule 230.

A. **LEGAL STANDARD**

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

B. **ANALYSIS**

Plaintiff requests the following discovery related to exhaustion: (1) up to four depositions (Defendant Meyer-Zlokovich, third-party witness Lt. Callows, and up to two 30(b)(6) depositions); (2) numerous requests for production seeking Plaintiff's central file, his appeal history, 602s related to the incident at issue, and documents related to his reading, writing or comprehension skills and requests for staff assistance; (3) up to 15 requests for admission to cover the same topics; and (4) up to 15 interrogatories to cover the same topics.

Defendants' May 6, 2011, motion to dismiss relied on the cancellation of Plaintiff's appeal at the Second Level and the subsequent screen-out at the Third Level. Defendants argued that Plaintiff's appeal was cancelled because of his "lack of cooperation." ECF No. 25-1, at 5.

Plaintiff, who was not represented at the time, opposed the motion by arguing that Lt. Callow improperly cancelled his appeal at the Second Level because Plaintiff did not sign a necessary document. Plaintiff contends that he cannot read and requested that his jailhouse lawyer be

---

[1] The Discovery and Scheduling Order instructed the parties to file any Rule 56(d) discovery requests related to exhaustion within thirty (30) days of the date of service of the order.

permitted to read the document.  His request was denied.  Plaintiff argued that staff was required to assist him in reading the document.

In granting the motion to dismiss, the Court rejected Plaintiff's argument, finding that (1) he was familiar with the appeals process and had filed two prior appeals to the Third Level; and (2) that his reading grade point level was above a 4.0, and special accommodation was therefore not necessary for effective communication.

From Plaintiff's request for 56(d) discovery, it appears that he anticipates the same arguments from Defendants in any upcoming motion, and therefore the same defenses.  However, in their opposition, Defendants have indicated that their motion will not rely on the cancellation to establish a failure to exhaust.  Rather, Defendants state that their motion will "address the purely legal question of whether Allen's grievance contained sufficient facts to provide notice of the claim."  ECF No. 64, at 2.

Given the narrow scope of Defendants' motion, many of Plaintiff's requests are simply not relevant to the issue and would not prevent summary judgment.  As Plaintiff did not reply to Defendants' opposition, he has not presented the Court with any argument as to why his discovery would be relevant to the single legal issue.

Defendants also indicate that they have provided, or have agreed to provide, some of the requested documents in their initial disclosures.  For example, Defendants have agreed to request a copy of Plaintiff's central file from CDCR, and have provided the grievance at issue to Plaintiff in their recent initial disclosures.

Accordingly, the Court DENIES Plaintiff's motion without prejudice.

IT IS SO ORDERED.

Dated:   **October 29, 2014**                              /s/ Dennis L. Beck
                                                                        UNITED STATES MAGISTRATE JUDGE