# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN,<br><br>         Plaintiff,<br><br>   v.<br><br>MEYER, et al.,<br><br>         Defendants. | Case No. 1:09-cv-00729 DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(Document 69) |

Plaintiff Kelvin Allen ("Plaintiff") is a California state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 20, 2014, the Ninth Circuit Court of Appeals remanded the action to this Court with instructions to vacate the judgment.

Pursuant to the July 23, 2014, Notice of Appearance, Plaintiff is represented by counsel for the limited purpose of resolving the issue of exhaustion of administrative remedies.

The Court issued a Discovery and Scheduling Order on August 27, 2014. The discovery deadline is currently January 26, 2015, and the dispositive motion deadline is March 25, 2015.

Defendants' November 25, 2014, motion for judgment on the pleadings based on exhaustion is pending.

On December 19, 2014, Defendants filed a motion to modify the Discovery and Scheduling Order. Plaintiff did not file an opposition and the motion is suitable for decision pursuant to Local Rule 230(l).

**DISCUSSION**

A scheduling order "may be modified only for good cause," and by leave of court. Fed. R. Civ. P. 16(b)(4).  The Court has broad discretion to control the course of litigation under Fed. R. Civ. P. 16. Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

Defendants request that the Court vacate the discovery and dispositive motion deadlines pending resolution of the motion for judgment on the pleadings, which is potentially dispositive of all claims. Defendants request a stay because of the ethical issues presented in propounding merits-based discovery to Plaintiff, where his representation is limited to the exhaustion issue.

Given the unusual circumstances, the Court GRANTS Defendants' motion.  The pending dates in the Discovery and Scheduling Order are VACATED and all discovery is STAYED.[1]  If the action survives the exhaustion challenge, the Court will issue an amended scheduling order.  At this time, Defendants are relieved of their obligation to respond to Plaintiff's written discovery requests, propounded by Plaintiff himself.

Now that discovery is stayed and the only issue pending before the Court is exhaustion, <u>Plaintiff's counsel will now be the sole representative for Plaintiff</u>, both before the Court and in discussions with Defendants.

IT IS SO ORDERED.

Dated:   **January 16, 2015**              /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court denied Plaintiff's request for Rule 56(d) discovery on October 29, 2014.

2