# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEYER, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00729 DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CORRECT MISTAKE IN JANUARY 16, 2015, ORDER<br><br>(Document 76) |

　　　　Plaintiff Kelvin Allen ("Plaintiff") is a California state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 20, 2014, the Ninth Circuit Court of Appeals remanded the action to this Court with instructions to vacate the judgment.

　　　　Pursuant to the July 23, 2014, Notice of Appearance, Plaintiff is represented by counsel for the limited purpose of resolving the issue of exhaustion of administrative remedies.

　　　　Defendants' November 25, 2014, motion for judgment on the pleadings based on exhaustion is pending.

　　　　On January 16, 2015, the Court granted Defendants' motion to modify the Discovery and Scheduling Order.  The Court vacated the dates and stayed all discovery because of the issues raised by Plaintiff's limited representation.

　　　　On January 30, 2015, Plaintiff filed a motion to correct a mistake in the Court's January 16, 2015, order.  In the alterative, Plaintiff moves for reconsideration for the limited purpose of correcting the mistake.  The Court deems the matter suitable for decision without an opposition.

In moving to stay discovery, Defendants stated that they "timely moved for judgment on the pleadings, arguing that Allen's prison grievance is insufficient to administratively exhaust all of the claims raised in this action." ECF No. 66, at 2. The Court understood this to mean that the pending motion would be dispositive of *all* claims, and it so stated in the January 16, 2015, order.

However, as Plaintiff points out, the pending motion would only dispose of claims against two of the six Defendants. Plaintiff does not ask for a different outcome, but only that the Court amend the order to correct the language.

The Court is not suggesting that Defendants intended to mislead it in any way. Rather, it was simply a misunderstanding. Nonetheless, the issues raised by Plaintiff's limited representation still exist, and the Court's original intent in staying all discovery remains. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014).

Accordingly, the Court GRANTS Plaintiff's motion. The Court will issue an amendment by separate order.

IT IS SO ORDERED.

Dated:   **February 11, 2015**                    /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE