# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KELVIN ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>MEYER, et al.,<br><br>Defendants. | Case No. 1:09-cv-00729-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br>(Document 66)<br><br>THIRTY-DAY OBJECTION DEADLINE |
|---|---|

Plaintiff Kelvin Allen ("Plaintiff") is a California state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint ("FAC") against Defendants Meyer, Botello, Trisha, Adair, Zamora and Zuniga for violation of the Eighth Amendment.[1]

On June 20, 2014, the Ninth Circuit Court of Appeals remanded the action with instructions to vacate the judgment based on the granting of Defendants' motion to dismiss for failure to exhaust.[2]

Pursuant to the July 23, 2014, Notice of Appearance, Plaintiff is represented by counsel for the limited purpose of resolving the issue of exhaustion of administrative remedies.

///

///

///

---

[1] There is no indication that Defendants Trisha and Adair have been served, and they have not appeared in this action.

[2] The Appellate Court determined that the Magistrate Judge assigned to the action at the time improperly issued an order granting the motion to dismiss without obtaining Defendants' consent.

1

On November 25, 2014, Defendants filed the instant motion for judgment on the pleadings based on Plaintiff's failure to exhaust his claim as to Defendants Botello and Zuniga.[3] Plaintiff filed his opposition on January 9, 2015, and Defendants filed their reply on January 30, 2015. The motion is now ready for decision.

Discovery has been stayed pending the outcome of this motion because of the ethical issues presented in propounding merits-based discovery where Plaintiff's representation is limited to the exhaustion issue.

A. **PLAINTIFF'S ALLEGATIONS**

On July 9, 2008, Officer Calhoun moved Plaintiff to a rotunda holding cell. Plaintiff informed the escorting officers that the cell had human waste in it, and was "funky." ECF No. 15, at 4.. However, the officers kept walking out the door.

On July 10, 2008, Defendant Botello was passing out morning meals. When he arrived at Plaintiff's door, Plaintiff told him that he needed to get out of the cell because it had human waste and flies in it, and Plaintiff could not breathe. Defendant Botello "just kept on walking." ECF No. 15, at 5.

Also on July 10, 2008, Plaintiff told Defendants Trisha, Zamora, Meyer and Adair about the problem. However, he never received help.

On July 11, 2008, Defendant Zuniga was passing out morning food. Plaintiff told him about the human waste on the walls, and Defendant Zuniga asked how long Plaintiff had been in the cell. Plaintiff told him that he would hold his food tray until he talks to a sergeant.

On July 11, 2008, Plaintiff called Ms. Pratt, who ultimately notified a sergeant and had Plaintiff removed from the cell.

During his time in the cell, Plaintiff could not eat or sleep because of the smell and flies. He also vomited three times.

///

///

---

[3] The motion contained arguments related to both exhaustion and failure to state a claim. In their reply, Defendants withdrew the arguments based on failure to state a claim, and the Court will therefore not address the issue in these Findings and Recommendations.

B. **LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants Botello and Zuniga move for relief under Rule 12(c), which provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. U.S., 683 F.3d 1102, 1108 (9th Cir.2012) (internal quotation marks and citation omitted). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir.2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming, 581 F.3d at 925.

Documents attached to, incorporated by reference in, or integral to the complaint may be properly considered under Rule 12(c) without converting the motion into one for summary

3

judgment. Rose v. Chase Manhattan Bank USA, 396 F.Supp.2d 1116, 1119 (C.D.Cal.2005) (citing GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997).

## C. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Under the regulations in place at the time at issue, Plaintiff was required to "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a)(2008). "[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In the absence of greater specificity required by the applicable regulations, a grievance is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (noting that section 3084.2(a) is subject to Arpaio).

## D. DISCUSSION

### 1. Plaintiff's Efforts to Exhaust

On July 10, 2008, Plaintiff submitted an appeal (Log No. 08-3833) asserting that he had been housed in a cell with human waste and files on July 9, 2008. Plaintiff alleged that he told numerous staff members, but the situation was not remedied. ECF No. 15, at 13-16. As to Defendant Botello, Plaintiff stated that he called him because he needed to talk to him, but "he just keep on walking out the door." ECF No. 15, at 15. Plaintiff requested the staff members who were involved be fired.

The appeal was bypassed at the informal level and First Level of Review. ECF No. 15, at 13.

On September 16, 2008, J. Callow issued a response at the Second Level. The response indicated that Plaintiff's appeal was processed as a staff complaint. Plaintiff was interviewed about his appeal on August 21, 2008, and numerous confidential inquiries were conducted with staff. The

appeal was cancelled due to lack of cooperation.[4]  The response also indicated that an inquiry into Plaintiff's allegations had been conducted, and it was determined that staff did not violate CDCR policy.

Plaintiff appealed the issue to the Third Level of Review on October 1, 2008.  ECF No. 15, at 14.  On November 12, 2008, the appeal was cancelled.  ECF No. 15, at 12.

### 2. Appropriateness of 12(c) Motion

The parties first disagree as to whether the instant 12(c) motion is the proper vehicle by which to raise the exhaustion issue.  While Albino instructs that it is the exception, rather than the rule, that a failure to exhaust is clear on the face of the complaint, the Court agrees that this is such a situation.  Plaintiff's appeal is attached to his FAC, and the Court need not look further than his appeal to determine whether, as a matter of law, his appeal was sufficient to exhaust his claims.

Plaintiff argues that the FAC "in no way concedes a failure to exhaust," ECF No. 70, at 15, and that to the extent Defendants believe that Plaintiff's appeal was insufficient, they impermissibly rely on disputed material facts.  The complaint does not need to concede a failure to exhaust to permit resolution of the issue by a 12(c) motion.  Rather, a 12(c) motion is proper where, as here, the Court need not look outside the complaint and its attachments to determine a *legal* issue.  Similarly, Plaintiff's contention that a dispute would involve a dispute of material fact is incorrect.  The language used by Plaintiff in his appeal is not in dispute, and whether that language is sufficient is a legal, not a factual, issue.

### 3. Analysis

Defendants contend that it is clear from the face of the FAC that Plaintiff's appeal was factually insufficient as to Defendants Botello and Zuniga.[5]  Specifically, Defendants argue that the appeal (1) did not alert prison officials that Defendant Botello disregarded any risk to Plaintiff's health or safety; and (2) could not have included allegations against Defendant Zuniga because it was filed prior to his July 11, 2008, involvement.

---

[4] Correctional Officer Meyer asked Plaintiff to sign a document on August 24, 2008.  Plaintiff refused to do so, however, telling the officer that he could not read.  Plaintiff requested that his jailhouse lawyer be permitted to read the document to him.  The request was refused.  ECF No. 15, at 10.
[5] In their 2011 exhaustion challenge, Defendants argued that Plaintiff failed to obtain a decision at the Third Level of Review.  Defendants do not raise this argument in the instant motion.

5

a. *Defendant Botello*

As noted above, Plaintiff's appeal alleges that he was left in a cell with human waste and flies, and that staff did not alleviate the situation. In his appeal, Plaintiff stated that he called Defendant Botello because he needed to talk to him, but "he just keep on walking out the door." ECF No. 15, at 15.

Defendants contend that this was not sufficient to put the prison on notice that Defendant Botello disregarded any risk to Plaintiff's health, and therefore did not exhaust his claim. To support their argument, Defendants characterize the allegations in the FAC as "very different: that Allen directly informed Officer Botello of the alleged cell-sanitation problem, including that there were feces in his cell and that he was unable to breathe. (Id. at 5.) Allen further alleged that Officer Botello-armed with that specific knowledge-simply walked away and did nothing to rectify the problem." ECF No. 66, at 8.

The Court rejects Defendants' position that Plaintiff was essentially required to include the exact facts and legal theories upon which he now relies, in his appeal. First, Plaintiff's appeal clearly involves staff members ignoring his complaints of a cell containing human waste and flies, and it was sufficient to alert the prison to the nature of the wrong for which relief is sought. Plaintiff was not required to set forth the specific deliberate indifference of each and every Defendant.

Second, the Court does not read Plaintiff's allegations as presenting a "very different situation." Defendants contend that Plaintiff grieved facts that "specifically excluded Botello from any involvement in the alleged cell-sanitation issue." ECF No. 78, at 8. The Court disagrees. The allegations in the FAC simply contain more detail than the allegations in his appeal. Defendants' interpretation is forced and attempts to turn additional detail into an entirely different scenario.

Defendants also suggest that because the appeal was a staff complaint involving specific allegations against each official, it could not have exhausted the issue of an unsanitary cell. Defendants' distinction is of no consequence. Regardless of the nature of the appeal, Plaintiff's appeal sufficed to place prison officials on notice as to the facts underlying his claim.

///

///

b.     *Defendant Zuniga*

Defendants argue that because Plaintiff's grievance was filed the day before Defendant Zuniga's involvement, it could not have exhausted Plaintiff's claim against him. Indeed, Plaintiff's July 10, 2008, appeal does not mention Defendant Zuniga in any capacity and could not have described his alleged involvement on July 11, 2008. Defendants concede that Plaintiff was not required to mention Defendant Zuniga by name, but argue that he was required to provide notice that Defendant Zuniga's alleged actions on July 11 were part of the problem.

In his opposition, Plaintiff relies on a line of deliberate indifference medical cases holding that where an inmate grieves an "ongoing problem" comprised of multiple acts, it would be unreasonable to require him to (1) file multiple grievances for each act; or (2) wait until all acts of wrongdoing are completed prior to filing a grievance. For example, in Lopez v. Florez, 2012 WL 3778858 (E.D.Cal. 2012), this Court held that the failure to provide medication was one, ongoing event so that plaintiff's grievance about the failure exhausted the claims against all defendants, even those who were involved after the grievance was filed.

Plaintiff argues that the holdings in the medical cases can be extended to the instant case. He believes that his July 10 appeal notified the prison of the nature of the ongoing problem, i.e., his cell conditions and staff's refusal to help, and therefore exhausted the claim against Defendant Zuniga.

The Court agrees. Plaintiff's claim is about the condition of his cell and staff's refusal to correct the problem, which is the exact issue addressed in his grievance. The appeal placed prison officials on notice of the conduct underlying Plaintiff's claim, and nothing further was required. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) ("All the grievance need do is object intelligibly to some asserted shortcoming.") (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The Court also notes that the decision at the Second Level of Review indicates that Defendant Zuniga was interviewed about Plaintiff's claim, and the prison knew that Plaintiff was housed in the cell from July 9 to July 11, 2008. ECF No. 15, at 17.

In their reply, Defendants again attempt to differentiate Plaintiff's appeal because it was processed as a staff complaint in which Plaintiff "grieved specific claims of staff misconduct, and requested that the specified officers be 'investigated by internal affairs' and 'fired.'" ECF No. 78, at

7

7. While there may be a distinction in the processing of a staff complaint, the end result is the same. The prison was alerted to the nature of the wrong for which redress was sought. Sapp, 623 F.3d at 824. The Court will not read Sapp and its progeny as recognizing a distinction in the way a 602 is treated.

### E.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for judgment on the pleadings (Document 66) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:     **April 22, 2015**                       /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE