# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN, | Case No. 1:09-cv-00729-LJO-DLB PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY DEFENDANTS TRISHA AND ADAIR SHOULD NOT BE DISMISSED FROM THIS ACTION PURSUANT TO RULE 4(M) (Documents 22 and 23) |
| v. | |
| MEYER, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Kelvin Allen ("Plaintiff") is a California State prisoner proceeding in forma pauperis in this action.[1] This action proceeds on Plaintiff's First Amended Complaint ("FAC") against Defendants Meyer, Botello, Trisha, Adair, Zamora and Zuniga for violation of the Eighth Amendment. Defendants Meyer, Botello, Zamora and Zuniga have appeared in this action. The Marshal has not been able to locate and serve Defendants Trisha or Adair, however.

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] Plaintiff was represented by counsel for resolution of the exhaustion issue. However, now that the issue has been decided, counsel have been instructed to inform the Court of the extent of their current representation.

1

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Based on information provided by Plaintiff, the United States Marshal mailed the service packet to both Defendants Trisha and Adair on March 10, 2011. On March 21, 2011, Corcoran State Prison indicated that "Trisha" and "Adair" seem to be first names, and that verification of the last names was necessary. ECF No. 22, 23. Based on the response, the Marshal's Office appears to have exhausted the avenues available to it in attempting to locate and serve Defendant Trisha and Adair. Walker, 14 F.3d at 1421-22.

Plaintiff shall be provided with an opportunity to show cause why Defendants Trisha and Adair should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendants Trisha and Adair shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants Trisha and Adair should not be dismissed from this action; and

///
///
///
///

    2.    <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Trisha and Adair from this action.</u>

IT IS SO ORDERED.

    Dated:   **June 1, 2015**                          /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE